# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DWAYNE PROVIENCE,

        Petitioner,                   Case Number: 07-11390

v.                                           HON. VICTORIA A. ROBERTS

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER (1) DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND MOTION FOR APPOINTMENT OF COUNSEL AND (2) DENYING AS MOOT PETITIONER'S MOTION FOR ENLARGEMENT OF TIME TO REPLY TO RESPONSIVE PLEADING

Petitioner Dwayne Provience, a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus. Now before the Court are Petitioner's Motion for Evidentiary Hearing, Motion for Appointment of Counsel, and Motion for Enlargement of Time to Reply to Responsive Pleading.

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time.

Also before the Court is Petitioner's Motion for Evidentiary Hearing. Rule 8, Rules

Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, **after the answer and the transcript and record of state court proceedings are filed**, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

See Rule 8, Rules Governing Section 2254 Cases (emphasis supplied).

Respondent has filed an Answer to Petitioner's application for writ of habeas corpus, but has not yet filed the relevant state court record. Therefore, the Court will deny the request without prejudice and will reconsider the motion after the relevant state court record is filed.

Petitioner also has filed a Motion for Enlargement of Time to Reply to Responsive Pleading. Petitioner asks for an additional 15-days to file a reply brief. Since the date he filed this motion, Petitioner filed a timely Reply brief. Therefore, an enlargement of time is not required and the motion will be denied as moot.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Evidentiary Hearing and Motion for Appointment of Counsel [dkt. # 3] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Enlargement of Time to Reply to Responsive Pleading [dkt. # 6] is **DENIED AS MOOT**.

    s/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated: January 9, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on January 9, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk